IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **Rona Cervantes Manangan,** | * | **Case No. 11-33374 DER** |
| Debtor. | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **Lori Simpson, Chapter 7 Trustee** | * |
| Plaintiff, | * |
| **v.** | * |
| **Adriano Manangan, et al.** | * |
| Defendants. | * |

**Adv. No. 14-00718**

\* \* \* \* \* \* \* \* \* \* \* \* \*

## TRUSTEE'S MEMORANDUM OF LAW

Lori Simpson, the Chapter 7 Trustee (the "Trustee") appointed in the above-captioned case of Rona Cervantes Manangan (the "Debtor"), hereby files this Memorandum of Law addressing the issue raised by Adriano Manangan, Randolph Manangan and Riza Manangan (hereinafter collectively referred to as the "Defendants") that the Complaint filed by the Trustee in the above-captioned adversary proceeding (the "Adversary Proceeding") should be dismissed because it is a non-core proceeding under 28 U.S.C.A. § 157 and the Defendants do not consent to the entry of final orders or judgments by this Court.

### Background

On September 22, 2014, the Trustee filed a Complaint (the "Complaint") to Sell Real Property Free and Clear of Interest of Co-Owners against the Defendants. The Trustee filed the Complaint because, in her Schedules, the Debtor listed a non-exempt one-fourth joint tenancy

interest in real property located at 1223 Chesaco Avenue, Baltimore, Maryland 21237 (the "Chesaco Avenue Property") co-owned with the Defendants (the "Debtor's Real Property"). The Trustee's review of the value of the Chesaco Avenue Property and the indebtedness against it led to the conclusion that there was equity in the Debtor's Real Property which could be liquidated for the benefit of creditors. The Trustee filed a notice of assets with the Court and, in response, general unsecured creditors have filed claims in the total amount of $13,981.10. The Trustee filed the Complaint in furtherance of the discharge of her duties under § 704 of the Bankruptcy Code.

On January 7, 2015, the Trustee filed a Motion to Strike Defendants' Answer (Dkt. #13) and in response thereto, the Defendants filed their Motion to Dismiss the Complaint (Dkt. #17) (the "Motion to Dismiss") in which they argue, *inter alia*, that the Complaint should be dismissed because the Adversary Proceeding is a non-core proceeding pursuant to 28 U.S.C.A. § 157 and they "do not consent to entry of final orders or judgment by the bankruptcy judge." Motion to Dismiss at p. 1-2.

## Legal Analysis

The statutory provision at issue, 28 U.S.C. § 157 (a)(2), states that

(2) Core proceedings include, but are not limited to-

(A) matters concerning the administration of the estate; …

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims…

28 U.S.C. § 157.

2

A review of case law prior to the Supreme Court's June 23, 2011 decision in *Stern v. Marshall*. – US --, 131 S.Ct. 2584, 180 L.Ed. 2d 475 (2011) reflects the apparent assumption in bankruptcy courts as well as courts reviewing decisions made by bankruptcy courts that proceedings brought under section 363(h) of the Bankruptcy Code are core proceedings. The Third Circuit Court of Appeal's decision in *Shubert v. Stewart (In re Stewart)*, 325 Fed.Appx. 82, 2009 WL 1111540 (3rd Cir. 2009) is illustrative. The Court in *Stewart* affirmed the decision of the District Court which granted the Chapter 7 Trustee's motion to sell, pursuant to section 363(h) of the Bankruptcy Code, real property titled in the Debtor's name but allegedly held in a resulting trust for the benefit of his mother. *Stewart* at 82-83. The Third Circuit addressed the jurisdictional issue in a footnote, saying "[t]he Bankruptcy Court had jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334." *Id.* at 83, fn. 1. Similarly illustrative is the decision in *Birdsell v. Schneider (In re Bryant)*, 2011 WL 1540145 (D. Ariz. 2011) where the District Court denied the Defendant's motion to withdraw the reference of an adversary proceeding brought by the Trustee seeking relief under sections 363(h), 547(b) and 548 of the Bankruptcy Code. The Court stated that the "Trustee's claims against the defendant are all core proceedings, as they affect 'the liquidation of the assets of the estate.'" *See* 28 U.S.C. § 157(b)(2)(O). *Birdsell* at p. 1. And, "[t]here is no good cause for granting defendant's motion to withdraw [] [t]hese core proceedings are normally handled in bankruptcy court." *Id.* at 2.

Judge Mitchell and Judge Huennekens, both Bankruptcy Judges sitting in the Eastern District of Virginia, have published opinions stating that proceedings brought under section 363(h) of the Bankruptcy Code are core proceedings. In *In re Paschall*, 403 B.R. 366 (Bankr. E.D.Va. 2009), *aff'd Paschall v. Terry (In re Paschall)*, 408 B.R. 79 (E.D.Va. 2009), the Chapter 7 Trustee filed an adversary proceeding seeking to avoid transfers of real estate from the Debtor to his ex-

wife as preferences and for authority to sell co-owned property under section 363(h) of the Bankruptcy Code. While the Court's decision addressed the merits of the cross motions for summary judgment filed by the parties regarding the preference issues[1] the Court addressed the underlying jurisdictional issue stating

> The Court has subject-matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F), (K), and (O) in which final orders or judgments may be entered by a bankruptcy judge.

*Id.* at p. 369-370. Judge Mitchell reached the same jurisdictional conclusion in *In re Keefe*, 2010 WL 1417796 (Bankr. E.D.Va. 2010) when addressing the issue of a complaint brought by a Chapter 7 trustee under section 363(h) of the Bankruptcy Code to sell both the interests of the Debtor and his former wife in a parcel of real property located in West Virginia.[2]

The Supreme Court's decision in *Stern v. Marshall* has led to confusion and uncertainty as to the nature and extent of the jurisdiction of the bankruptcy courts.

> For over twenty-five years, my colleagues and I have operated with the understanding that we were properly constituted judges capable of rendering final judgments in many, but not all, matters arising in connection with a bankruptcy proceeding. That understanding derives from 28 U.S.C. § 157...and its identification of so-called 'core proceedings.' Under this paradigm, bankruptcy judges are enabled to enter final orders or judgments concerning matters that are typically associated with the administration of a bankruptcy proceeding...The system has worked well for the most part. Although it is the district court that actually has the jurisdiction to hear bankruptcy matters, ... in exercising my delegated authority I have entered countless orders as final without a second thought about the legitimacy of what I was doing.

---

[1] The Court found that there were material facts in dispute as to Count VI which addressed the sale of property under section 363(h) of the Bankruptcy Code. *Id.* at 380.

[2] "This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. Approval of the sale of property is a core proceeding in which a final judgment may be entered by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(N)." *Id.* at 2.

However, *Stern v. Marshall* reveals how misplaced my confidence has been. ...[and] bombshell does fairly describe *Stern*'s impact upon the more practical issue of how bankruptcy judges are to perform what the Code still calls us to do....My frustration with *Stern* is that it offers virtually no insight as to how to recalibrate the core/non-core dichotomy so that I can again proceed with at least some assurance that I will not be making the same constitutional blunder with respect to some other aspect of ...Section 157(b)(2).

*In re TeleServices Group, Inc.*, 456 B.R. 318, 320-322 (Bankr. W.D.Mich. 2011). The Court, in *TeleServices,* granted a motion requesting that a pretrial order in a fraudulent transfer action be amended to eliminate the order's designation of the adversary proceeding as a matter in which the Court could enter a final determination subject only to ordinary appellate review. *Id.* at p. 320.

And, as noted by Judge Walsh in *In re DBSI, Inc.,* 467 B.R. 767, 772 (Bankr. D. Del. 2012),

There has been much debate about the scope of the *Stern* decision and its effect on the division of labor between the bankruptcy courts and the district courts. In a recent opinion from this Court, Judge Gross noted that as of January 2012, there had been 'in excess of 130 cases in which bankruptcy courts have addressed *Stern*' and that 'the analyses and decisions [were] not consistent.'...As of the writing of this opinion in April 2012, there are more than 325 decisions citing *Stern.*

*Id.* at p. 772. The Court, in *DBSI, Inc.*, explained that courts are split between a broad and a narrow interpretation of *Stern.* Judge Walsh opted to read *Stern* narrowly and restricted *Stern*'s holding "to the case of a 'state-law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.'" *Id.* The adversary proceedings before the Court in *DBSI, Inc.* involved claims brought under sections 502, 544, 547, 548, 550, and 551.

The post-*Stern* case law addresses jurisdictional issues within adversary proceedings brought under section 363(h) of the Bankruptcy Code similarly to the pre-*Stern* case law. Once again the jurisdiction of the bankruptcy court to preside over the adversary proceeding, adjudicate matters and enter final order is stated, albeit in a *pro forma* manner – that the bankruptcy court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334(b), that 363(h) proceedings are core proceedings,

5

and, specifically mentioned in some cases, that the court has the authority to enter final judgments. *See In re Schofield*, 2014 WL 1477395, at *2 (Bankr. D.Mass. 2014); *In Re Stroup*, 521 B.R. 84, 86 (Bankr. M.D.Pa. 2014); *In re Kellogg-Taxe*, 2014 WL 1016045, at *4 (Bankr.C.D.Cal. 2014); *In re Harrison*, 503 B.R. 835, 839 (Bankr.N.D.Okla. 2013); *In re Malavet*, 2013 WL 6045443 (Bankr.D.Puerto Rico 2013); *In re Borko*, 2013 WL 5442264. At *1 (Bankr.E.D.N.Y. 2013) (Court also stated that "[t]his decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure"); *In re Hall*, 477 B.R. 74, 80 (Bankr.N.D.Ill. 2012); *In re Younquist*, 2012 WL 243763 (Bankr.D. Kan. 2012) (Court also stated that "[t]here is no objection to venue or jurisdiction over the parties"); *In re Beck*, 2011 WL 3902820 (Bankr. E.D.N.Y. 2011).

Although not exactly aligned with the facts in the Adversary Proceeding, the reasoning of the District Court *Albert v. Site Maintenance*, *Inc.*, 506 B.R. 453 (D.Md. 2014) is instructive on the core/non-core issue as well as the issue of this Court's jurisdiction to enter a final order in this matter. In *Site Maintenance*, the Defendant filed a motion to alter or partially withdraw the reference arguing that the matters at issue, negligence, breach of contract, breach of fiduciary duty and fraud, were non-core, and, even if they were considered core, withdrawal of the reference would conserve resources because the bankruptcy court could not enter final orders on the state common law claims pursuant to *Stern*. *Id*. at 454-455. Judge Chasanow framed the issue in the following way:

> Following the Supreme Court's decision in *Stern*, courts have determined that the correct way to examine the first factor or the permissive withdrawal determination is not 'whether the matter can be classified as core' under 28 U.S.C. §157, but rather [] whether, under *Stern*, the [b]ankruptcy court has the final power to adjudicate it. …Under that rubric, the bankruptcy court must possess both statutory *and* constitutional authority to issue a final decision. Turning first to the statutory question, Plaintiff's claims fit within the category of 'arising in' cases,

generally defined as a controversy that 'would have no practical existence *but for* the bankruptcy. *Grausz v. Englander*, 321 F. 3d 467, 471 (4th Cir. 2003) (emphasis in original). *Grausz* involved a claim by the debtor against his bankruptcy lawyer for malpractice. The United States Court of Appeals for the Fourth Circuit held that the claim arose in Title 11 because it involved legal advice concerning the bankruptcy itself, and thus would have no practical existence but for the bankruptcy case. …Plaintiff's claims here would have no existence but for the bankruptcy. …Furthermore, Plaintiff's claims are also 'core proceedings' under 28 U.S.C. § 157(b)(2)(A)'s broad inclusion of 'matters concerning the administration of the estate.' …In holding that such claims were 'core,' the United States Court of Appeals for the Fourth Circuit explained in *Southmark* that ensuring that 'court-approved managers of the debtor's estate are performing their work … and supervising court-appointed professionals 'bears directly on the distribution of the debtor's estate' for '[i]f the estate is not marshaled and liquidated or reorganized expeditiously, there will be less money available to pay creditors' claims.

  Statutory authorization is not enough, however; Congress' authorization to bankruptcy courts to hear and determine a claim must also be constitutional. Defendants argue that Article III prohibits the bankruptcy court from deciding this case, citing to the Supreme Court decision in *Stern v. Marshall*. … There is a split of authority as to how broadly *Stern* should be read. …Those [courts] that apply *Stern* narrowly have the better argument. While *Stern*'s dicta is broad, the numerous times the Court emphasizes the limited nature of its holding cannot be ignored. Furthermore, the claims at issue here are of a different nature than those in *Stern*. The alleged wrongdoing of Defendants in this case concerns actions they took or failed to take in their court-approved roles as property manager and leasing agent for debtor's property. This alleged wrongdoing occurred post-petition, pre-confirmation. These claims are not brought for alleged wrongdoing that occurred pre-petition or possess only a tangential relationship to the bankruptcy proceeding, but instead are by their nature intimately tied to the bankruptcy proceeding. … In sum, the nature of the claim, combined with the limited holding of *Stern*, lead to the conclusion that the bankruptcy court possesses both statutory and constitutional authority to adjudicate the claims at issue.

*Site Maintenance* at pps. 456-459.

  Although there is post-*Stern* jurisprudence dramatically limiting and changing the bankruptcy court's authority to enter final orders in core matters, those cases fall within the *Stern* rubric of involving state law claims and are inapposite to the facts in the Adversary Proceeding. The Seventh Circuit's decision in *Ortiz v. Aurora Health Care, Inc.*, 665 F.3d 906 (7th Cir. 2011) found that the bankruptcy court could not enter final orders in core matters which involved private

parties disputing interests defined by state law.  The Seventh Circuit took a similar position in *In re Wellness Int'l Network, Ltd.,* 727 F.3d 751 (7th Cir. 2013), *cert. granted, Wellness Int'l Network, Ltd. v. Sharif,* __ U.S. __, 134 S.Ct. 2901, __ L.Ed.2d __(2014) holding that "[i]f a dispute over whether particular property is part of a debtor's estate depends on the application of state law, it is a nonpublic matter and not constitutionally capable of final adjudication by the bankruptcy judge." *In re Veluchamy*, 2014 WL 7235280, at *3 (Bankr.N.D.Ill. 2014).  State law is not at issue in the Adversary Proceeding – what is at issue is the applicability of section 363(b) of the Bankruptcy Code to the facts and circumstances surrounding the Complaint.

The Ninth Circuit's decision in *Exec. Benefits Ins. Agency v. Arkinson (In Re Bellingham Ins. Agency)*, 702 F.3d 553 (9th Cir. 2012), *aff'd on other grounds, Arkinson,* 134 S.Ct. at 2175, "convincingly held that bankruptcy judges generally may not enter final judgments in fraudulent transfer actions." *Veluchamy* at p. 2.  Moreover, there are two decisions by the Maryland District Court that narrowly limit the bankruptcy court's jurisdiction to enter final orders after *Stern – Lain v. Erickson, et al (In re Erickson Retirement Community)*, 2012 WL 1999493 (D.Md. 2012) and *Dang v. Bank of America (In re Dang)*, 2013 WL 1683820 (D.Md. 2013).  *Erickson* involved a motion for discretionary withdrawal of the reference for primarily non-core proceedings and *Dang* concerned causes of action for unlawful entry, wrongful foreclosure, violations of RESPA and TILA.  The claims at issue in *Erickson* and *Dang* are not the types of claims that "stem from the bankruptcy itself or would necessarily be resolved in the claims allowance process."  *Dang* at *11.

The matter at issue in the Adversary Proceeding – the liquidation of estate assets pursuant to section 363(h) of the Bankruptcy Code – is a core matter and a quintessential part of the estate administration process.  The duties of a trustee as set forth in section 704 of the Bankruptcy Code are also implicated in the Adversary Proceeding – the Trustee could be called to task by the

creditors of the Debtor's estate as well as the Office of the United States Trustee if she failed to administer the Debtor's Real Property.  The limiting wording contained in *Stern* cautions against a broad reading and application of that decision.  Judge Chasanow's review and analysis of *Stern* and related case law set forth in *Site Management* provides greater clarity on the appropriate interpretation of *Stern* to the facts and circumstances surrounding the Adversary Proceeding.

The Trustee submits that a review and analysis of case law on the core/non-core and jurisdictional ability of bankruptcy courts to enter final orders leads to the conclusion that the issues raised in the Adversary Proceeding are core and that this Court has the authority to enter final orders therein.

Respectfully submitted,

/s/ Karen H. Moore
Karen H. Moore, Esquire
Federal Bar No: 10510
Law Office of Lori Simpson, LLC
1400 South Charles Street, 3rd Floor
Baltimore, Maryland 21230
Direct Dial: 410.779.5382
kmoore@lsimpsonlaw.com

*Attorneys for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January, 2015, a copy of the foregoing Trustee's Memorandum of Law was electronically filed and served on the parties who are registered CM/ECF participants and was served by first class mail, postage prepaid to:

Adriano Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

Randolph Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

Riza Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

/s/ Karen H. Moore
Karen H. Moore

10