IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **Rona Cervantes Manangan,** | * | Case No. 11-33374 DER |
| Debtor. | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **Lori Simpson, Chapter 7 Trustee** | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 14-718 |
| **Adriano Manangan, Riza Manangan and Randolph Manangan** | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S PRETRIAL MEMORANDUM

Lori Simpson, Chapter 7 Trustee for the bankruptcy estate of Rona Cervantes Manangan, by her undersigned counsel, respectfully files this Pretrial Memorandum.

### Plaintiff's Statement of Facts in Support of Her Claims

On November 30, 2011 (the "Petition Date"), Rona Cervantes Manangan (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On or about the Petition Date, Lori Simpson was appointed as the Chapter 7 Trustee of the Debtor's estate (the "Estate") and continues to act in that capacity.

The Debtor's Schedules, filed on the Petition Date, list a one-fourth ownership joint tenant interest in real property located at 1223 Chesaco Avenue, Baltimore, Maryland 21237 (the "Chesaco Avenue Property"). The Debtor co-owns the Chesaco Avenue Property with her

father, Adriano Manangan, her brother, Randolph Manangan, and her sister, Riza Manangan (collectively hereinafter referred to as the "Co-Owners/Defendants").

The Debtor's address listed on the Petition was the Chesaco Avenue Property. The Debtor did not claim any homestead exemption in the Chesaco Avenue Property on her Schedules. (The effective date of the amendment to Md. Cts. & Jud. Pro. § 11-504(f)(1) was October 1, 2011). At the August 24, 2014 reconvened meeting of creditors, the Debtor testified that she no longer lived in the Chesaco Avenue Property.

On June 11, 2009, Adriano Manangan, the Debtor's father ("Defendant Adriano Manangan"), executed a Deed (the "Deed") transferring his fee simple interest in the Chesaco Avenue Property to himself, the Debtor, Randolph Manangan, the Debtor's brother ("Defendant Randolph Manangan") and Riza Manangan, the Debtor's sister ("Defendant Riza Manangan"). The Deed is recorded among the Land Records of Baltimore County at Liber 29236, folio 379 and was attached as **Exhibit A** to the Trustee's Complaint.

The Chesaco Avenue Property is subject to a Deed of Trust held by National City Mortgage Services, Co. ("National City") in the amount of $113,600.00 recorded on October 19, 2001 (the "Deed of Trust"). Defendant Adriano Manangan and his deceased wife, Sylvia Manangan, are the obligors on the Note to National City secured by the Deed of Trust. (According to online vital statistics, Sylvia Manangan died in 2007).

As of the date of this Pretrial Memorandum, the value of the Chesaco Avenue Property is $165,000.00 (the "Chesaco Avenue Property Value"). The Chesaco Avenue Property Value is based on a "drive-by appraisal" performed by Charles L. Ford, SRA, CREA (the Trustee's Appraiser") and supported by the report prepared by the Trustee's Appraiser (the "Appraisal

Report"). As of the Petition Date, the amount due National City was less than $50,000.00 (the "Amount Owed to National City").

On February 23, 2012, the Trustee filed a Notice of Assets requesting that the Clerk's Office set a deadline for filing of claims, On February 24, 2012 the Clerk of Court sent out a notice to all creditors of the bar date of May 24, 2012 (the "Bar Date") for the filing of proofs of claim. As of the Bar Date, general unsecured creditors had filed proofs of claim totaling $13,981.10 (the "Filed Unsecured Claims").

The Chesaco Avenue Property is not subdivided for sale as separate parcels. The Chesaco Avenue Property is not subdivided for sale or lease as separate dwelling units. The Chesaco Avenue Property is not used in the production, transmission, or distribution, for sale, or electric energy or of natural or synthetic gas for heat, light or power.

The Amount Owed to National City is less than the Chesaco Avenue Property Value. Thus, there is equity in the Chesaco Avenue Property and a sale of said Property by the Trustee, after payment of the Amount Owed to National City plus all settlement costs, will create a source of funds for the payment of the Filed Unsecured Claims by the Trustee.

## **Plaintiff's Legal Theories In Support of Her Claims**

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). *See* Trustee's Memorandum of Law filed on January 30, 2015, Dkt. No. 24.

Section 704(a) of the Bankruptcy Code sets forth the duties of a Chapter 7 trustee which include liquidating property of the estate and closing the estate as expeditiously as is compatible with the best interests of parties in interest.

Section 541 of the Bankruptcy Code includes, in the description of property of the estate, "all legal or equitable interests of the debtor in property as of the commencement of the case."

The Debtor's twenty-five percent (25%) interest in the Chesaco Avenue Property Value is property of her estate (the "Estate") (hereinafter referred to as the "Estate's Chesaco Avenue Property Value Interest") and is an asset that the Trustee has a duty to administer for the benefit of creditors under section 704 of the Bankruptcy Code.

The Debtor has not claimed an exemption in the Estate's Chesaco Avenue Property Value Interest.

Pursuant to section §363(h) of the Bankruptcy Code, the Trustee may sell both the Estate's Chesaco Avenue Property Value Interest, under §363(b) or (c), and the interest of any co-owner, in property in which the Debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, if (1) partition of the property is impracticable; (2) sale of the estate's undivided interest in the property would realize significantly less for the estate than sale of the property free of the interest of the co-owner; (3) the benefit to the estate of the sale of the property free of the co-owner's interest outweighs the detriment to the co-owner; and (4) the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Partition in kind of the Chesaco Avenue Property among the Debtor's Estate and the Co-Owners/Defendants is impracticable.

The sale of the Estate's Chesaco Avenue Property Value Interest in the Chesaco Avenue Property would realize significantly less for the Estate than the sale of the Chesaco Avenue Property free of the interests of the Co-Owners/Defendants.

The benefit to the Estate of a sale of the Chesaco Avenue Property free of the interests of the Co-Owners/Defendants outweighs the detriment, if any, to them.

The Chesaco Avenue Property is not used in the production, transmission, or distribution, for sale, of electric energy, or of natural, or synthetic gas, or heat, or light, or power.

### Amendments Required of the Pleadings

There are no amendments required of the pleadings filed by the Trustee in this adversary proceeding.

### Issues in the Pleadings to be Abandoned

There are no issues to be abandoned in the pleadings filed by the Trustee in this adversary proceeding.

### Stipulations of Fact by the Parties

The Trustee and the Co-owners/Defendants have stipulated to the following facts:

1. That the Deed is genuine;

2. That the Co-owners/Defendants owned the Chesaco Avenue Property with the Debtor as joint tenants as of the Petition Date;

3. That the mortgage liens against the Chesaco Avenue Property as of the Petition Date were less than $50,000.00;

4. That the Chesaco Avenue Property is not subdivided for sale as separate parcels;

5. That the Chesaco Avenue Property is not subdivided for sale or lease as separate dwelling units;

6. That the Chesaco Avenue Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

**Exhibit List**

1. Debtor's Petition and Schedules (Dkt. No. 1)

2. Deed – Plaintiff and Co-owners/Defendants agree this Exhibit may be offered into evidence without the usual authentication

3. Deed of Trust

4. Resume of Charles L. Ford, SRA, CREA

5. Appraisal Report

6. Trustee's Notice of Assets (Dkt. No. 15)

7. Notice of Claims Bar Date (Dkt. No. 17)

8. Filed Unsecured Claims (Claim Nos. 1, 2, 3, and 5)

9. Plaintiff's Request for Admissions, Request for Production of Documents and Interrogatories

10. Co-owners/Defendants' Response to Plaintiff's Discovery

**Witness List**

1. Lori Simpson, Esquire, Trustee, Law Office of Lori Simpson, LLC, 1400 South Charles Street, 3rd Floor, Baltimore, Maryland 21230, Tel. No. 410.468.0054

2. Charles L. Ford, SRA, CREA, Charles L. Ford, Inc., 347 Prestonfield Lane, Severna Park, Maryland 21146, Tel. No. 410.544.4416.

Respectfully submitted,

Date: April 27, 2015

/s/Karen H. Moore
Karen H. Moore, Bar No. 10510
Law Office of Lori Simpson, LLC
1400 South Charles Street, 3rd Floor
Baltimore, Maryland 21230
Direct Dial: (410) 779-5382
Facsimile: (410) 385-1514

                kmoore@lsimpsonlaw.com

*Counsel for Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 27th day of April, 2015, a copy of the electronically filed Plaintiff's Pretrial Memorandum was served on the parties listed below by first class mail, postage prepaid, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Adriano Manangan  
1223 Chesaco Avenue  
Baltimore, MD 21237

Randolph Manangan  
1223 Chesaco Avenue  
Baltimore, MD 21237

Riza Manangan  
1223 Chesaco Avenue  
Baltimore, MD 21237

                /s/ Karen H. Moore  
                Karen H. Moore