IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **Rona Cervantes Manangan,** | * | Case No. 11-33374 DER |
| Debtor. | * | (Chapter 7) |
| * * * * * * * * | * | * * * * * |
| **Lori Simpson, Chapter 7 Trustee** | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 14-00718 |
| **Adriano Manangan, et al.** | * | |
| Defendants. | * | |
| * * * * * * * * | * | * * * * * |

### TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Lori Simpson, the Chapter 7 Trustee appointed in the case of Rona Cervantes Manangan (the "Trustee"), hereby files this Opposition to Defendants' Motion for Judgment on the Pleadings (the "Opposition"), and in support thereof, state as follows:

1. On September 22, 2014, the Trustee filed a Complaint (the "Complaint") to Sell Real Property Free and Clear of Interest of Co-Owners against Adriano Manangan, Riza Manangan and Randolph Manangan, the defendants in the above-captioned adversary proceeding (hereinafter collectively referred to as the "Defendants"). On February 4, 2015, the Defendants filed their Answer (the "Answer").

2. The Defendants are proceeding *pro se* in the above-captioned adversary proceeding.

3. Defendants' Motion for Judgment on the Pleadings alleges that the Trustee has not addressed the following issues raised by the Defendants in their Answer:

a. That the Trustee has submitted nothing to them or filed with the Court anything explaining why it is fair or equitable to them as joint tenants to sell their entire home to satisfy the Debtor's obligation to the estate;

b. That the Trustee ignored Maryland joint tenancy laws;

c. That the Trustee has not informed them who will assume the mortgage if the Court orders their home to be sold to satisfy the Debtor's obligation.

4. The Trustee's Complaint, Memorandum of Law as well as statements made on the record by Trustee's counsel at hearings in this adversary proceeding held on January 22, 2015 and February 11, 2015 explain what the Trustee's duties are under the Bankruptcy Code and why she filed the Complaint.

5. The Trustee has not ignored Maryland joint tenancy laws. The Bankruptcy Code, which is a creature of federal law, trumps Maryland state law under the Supremacy Clause of the Constitution of the United States.

6. The Trustee has had limited communications with the Defendants. In the event that this Court grants the relief requested in the Complaint, the Trustee will seek Court approval to employ a real estate broker to market the Chesaco Avenue Property. Once a buyer is located, the Trustee will file a motion with the Court requesting approval of the sale. In the event that this Court approves the sale of the Chesaco Avenue Property, the outstanding mortgage will be paid at closing. In no event will the Chesaco Avenue Property be sold and the Defendants left responsible for payment of the mortgage.

7. The Trustee respectfully requests that this Court enter an Order denying the Defendants' Motion for Judgment on the Pleadings and allow the trial set for May 19, 2015 at 10:00 a.m. to proceed as scheduled.

April 27, 2015                                         Respectfully submitted,

/s/ Karen H. Moore
Karen H. Moore, Esquire
Federal Bar No: 10510
Law Office of Lori Simpson, LLC
1400 South Charles Street, 3rd Floor
Baltimore, Maryland 21230
Direct Dial: 410.779.5382
kmoore@lsimpsonlaw.com

*Attorneys for Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2015, a copy of the foregoing Trustee's Opposition to Defendants' Motion for Judgment on the Pleadings was electronically filed and served on the parties who are registered CM/ECF participants and was served by first class mail, postage prepaid to:

Adriano Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

Randolph Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

Riza Manangan
1223 Chesaco Avenue
Baltimore, MD 21237

/s/ Karen H. Moore
Karen H. Moore